IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BILLY SHOEMAKER, | ) | |
| *Plaintiff* | ) ) ) | |
| vs. | ) | Case No.: 3:18-CV-80 RLM-MGG |
| SHERIFF BRAD ROGERS, *et al.*, | ) ) ) | |
| *Defendants* | ) ) | |

OPINION AND ORDER

Billy Shoemaker sued Elkhart County Sheriff Brad Rogers, Commander John Perry, and Correct Care Solutions, LLC, alleging that they were deliberately indifferent to his medical condition (bipolar disorder, depression, and suicidal ideations) and denied him medical care in violation of the Fourteenth Amendment Due Process and Equal Protections Clauses, the Rehabilitation and Americans with Disabilities Acts, 29 U.S.C. § 794(a) and 42 U.S.C. § 12132, and the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(d)(2)(A). Mr. Shoemaker voluntarily dismissed two of the three claims asserted against Correct Care Solutions, and the Emergency Medical Treatment Act claim against Sheriff Rogers.[1] Commander Perry's and Sheriff Rogers' Rule 12(c) motion for

---

[1] The Rehabilitation Act/ADA claim against Correct Care Solutions was dismissed by stipulation in May 2018 [Doc. No. 20 and 21]. A second stipulation was filed on March 8, dismissing Mr. Shoemaker's Emergency Medical Treatment and Active Labor Act claim as to Correct Care Solutions only [Doc. Nos. 47]; and a third stipulation was filed on March 13, 2019 dismissing the Emergency Medical Treatment and Active Labor Act claim against Sheriff Rogers [Doc. No. 51].

judgment on the pleadings as to all remaining claims is before the court. For the following reasons, the defendants' motion is denied with respect to the § 1983 deliberate indifference claim and granted with respect to the Rehabilitation and Americans with Disabilities Acts claim.

I. LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings [the complaint, the answers, and any exhibits thereto or matters incorporated by reference therein], and any facts of which the [] court will take judicial notice." 5C FED. PRAC. & PROC. CIV. § 1367 (3d ed.); *see also* Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452–453 (7th Cir.1998); Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944), and is governed by the same standard as motions to dismiss under Rule 12(b)(6). Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007); Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). The court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff, without engaging in fact-finding. Reger Dev.,

LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); Stakowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005).

II. THE COMPLAINT

The following facts are taken from Mr. Shoemaker's complaint and accepted as true for purposes of the defendants' motion.

Mr. Shoemaker suffers from severe mental impairments: bipolar disorder and depression, with suicidal ideations) that "substantially limit" the operation of his neurological and brain functions and major life activities, including the ability to think and care for himself. When he was arrested on December 21, 2015 and detained at the Elkhart County Correctional Complex, Mr. Shoemaker notified the defendants of his medical conditions, the antipsychotic medications he was taking, and the doctors who had prescribed the medication. At some undisclosed point during his incarceration, Mr. Shoemaker also told a Correct Care nurse that he "could become suicidal if he was not provided his antipsychotic medication." (Cmplt. ¶¶ 3, 7-9, and 11.) The defendants didn't give Mr. Shoemaker the antipsychotic medication that his doctors had prescribed for several weeks. As a result, his mental condition deteriorated and he became "actively suicidal"; and, on January 22, 2016, he 'd[ove] headfirst to the ground from the second story of his cell block ... fractur[ing] [his] skull, ribs, collar bone, and arm and punctur[ing] his lung causing its collapse." (Cmplt. ¶¶ 10,12-15).

Mr. Shoemaker alleges that Sheriff Rogers violated his rights under the Fourteenth Amendment, the Rehabilitation Act and ADA, and the Emergency Medical Treatment and Active Labor Act, and is liable for his injuries because he:

- operates the Elkhart County jail and employs all officers and staff at the jail;
- has a "policy, practice, custom, or procedure in place at the jail of not promptly providing psychiatric medication to detainees, discriminating against individuals on the basis of their disabilities, and denying services to those with serious medical needs;
- receives federal financial assistance and operates services, programs, or activities "within the meaning of" the Rehabilitation Act of 1973 and the ADA;
- "holds the jail out as a site through which detainees could reasonably expect to obtain stabilizing emergency medical care"; and
- was "deliberately indifferent" to Mr. Shoemaker's condition and safety, and "intentionally, willfully, wantonly, and maliciously" harmed him.

Mr. Shoemaker asserts only one claim against Commander Perry – the § 1983 claim alleging a violation of his constitutional rights. He alleges that Commander Perry is liable for injuries resulting from that violation because he: "supervised and directed all correctional staff responsible for protecting Mr.

4

Shoemaker from serious harm and al[er]ting the proper authorities to his need for emergency treatment"; was "deliberately indifferent" to his condition and safety; and "intentionally, willfully, wantonly, and maliciously harmed him "by direct involvement, knowledge, direction, and supervision."

In their answer to the complaint, Commander Perry and Sheriff Rogers denied, or indicated they had insufficient information to admit or deny, all but one of the facts alleged – they admit that Mr. Shoemaker jumped from the second floor railing in his cell block on January 22, 2016, although they assert they have no idea why.

III. Discussion

A. *Section 1983 Claim*

To prevail on a Rule 12(c) motion, Commander Perry and Sheriff Rogers must establish that no material issues of fact exist and that they are entitled to judgment as a matter of law. "If the facts are uncontested (or the defendants accept plaintiff's allegations for the sake of argument), it may be possible to decide [the merits of a case] under Rule 12(c);" but "a complaint that invokes a recognized legal theory … and contains plausible allegations on the material issues … cannot be dismissed under Rule 12." Richards v. Mitcheff, 696 F.3d 635, 638 (7th Cir. 2012).

The facts alleged in support of Mr. Shoemaker's claims aren't uncontested, but assuming for the sake of argument that they are true, as the defendants' motion requires, those facts state a possible, legally viable claim with respect to only one of the three legal theories asserted – Mr. Shoemaker's claim that his constitutional rights were violated.[2]

To state a viable claim against the Sheriff and Commander, Mr. Shoemaker must plead sufficient facts, which if true, would show that they violated the Constitution through their own individual actions. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). He alleges that Commander Perry "supervised and directed all correctional staff responsible for protecting Mr. Shoemaker ... and alerting the proper authorities to his need for emergency treatment as it arose", and concludes that "[his] direct involvement, knowledge, direction, and supervision ... harmed Mr. Shoemaker... and violated his rights." (Cmplt. ¶¶ 5 and 19). Those allegations, conclusory though they might be, aren't undisputed and don't preclude the possibility that Mr. Shoemaker might yet be able to state a plausible claim for relief against Commander Perry under § 1983. *See* Yassan v. J.P. Morgan Chase and Co., 708 F.3d 963, 975-76 (7th Cir. 2013) (discussing difference between

---

[2] It's not clear from the complaint whether Mr. Shoemaker was a pretrial detainee when the events in question occurred, or if he was serving a sentence for the charge on which he was arrested. The defendants assert in their answer that he was the former. If so, the Fourth Amendment "objectively unreasonable" standard would apply, not the Eighth Amendment "deliberate indifference" standard, Currie v. Chhabra, 728 F.3d 626, 631 (7th Cir. 2013). Which standard applies is immaterial to the discussion that follows.

6

Rules 12(b)(6) and 12(c)). Dismissal under Rule 12(c) "is appropriate only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief'," Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000) (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989)), and Commander Perry hasn't met that burden with respect to Mr. Shoemaker's claim for relief under § 1983.

The same is true with respect to Mr. Shoemaker's § 1983 claim against Sheriff Rogers. The complaint alleges that Sheriff Rogers operates the Elkhart County jail and employs all officers and staff at the jail; has a "policy, practice, custom, or procedure … of not promptly providing psychiatric medication to detainees, discriminating against individuals on the basis of their disabilities, and denying services to those with serious medical needs", and was "deliberately indifferent" to Mr. Shoemaker's condition and safety, and "intentionally, willfully, wantonly, and maliciously" harmed him. Mr. Shoemaker advocates a viable legal theory and, based on this limited record, it can't be said that Sheriff Rogers is entitled to relief as a matter of law under Rule 12(c).

### B. *Rehabilitation Act/ADA Claim Against Sheriff Rogers*

"The requirements of [the ADA and Rehabilitation Act] are more or less the same, except that the Rehabilitation Act requires that the program or activity at issue receive Federal financial assistance." Willmon v. Porter County, Indiana,

7

Case No., 2:12-CV-278, 2013 WL 3467198, at * 3 (N.D. Ind. July 10, 2013). Both are anti-discrimination statutes that prohibit a public entity from excluding "qualified individual[s] with a disability" from participating in (or denying them benefits from) the services, programs or activities the entity provides based on such disability. *See* 42 U.S.C. § 12132 and 29 U.S.C. § 794.

Sheriff Rogers argues that claims for inadequate medical treatment are improper under the ADA and Rehabilitation Act, and Mr. Shoemaker alleges nothing more. The court agrees.

> [T]he essence of an ADA claim is discrimination and denial of access to jobs or to programs because a person is disabled. [Plaintiff] doesn't assert that the defendants practiced employment discrimination against him or denied him access to prison programs because of his disability. Rather, he alleges that they "denied the Plaintiff access to adequate medical care and treatment." … This is not an ADA claim; it is a claim that the defendants violated the Eighth Amendment.

Perrey v. Donahue, Cause No. 3:06-CV-617, 2007 WL 4277621, at * 4 (N.D. Ind. Dec. 3, 2007). *See also* Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he [ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.'"); Resel v. Fox, 26 Fed.Appx. 572, 577 (7th Cir. 2001) ("a claim for inadequate medical treatment is improper under the ADA").

Mr. Shoemaker summarily concludes in his complaint that Sheriff Rogers has a "policy, practice, custom, or procedure in place at the jail of…discriminating against individuals on the basis of their disabilities", but doesn't contend that he was discriminated against, or was excluded from any service, program, or activity

8

provided to other non-disabled inmates at the jail. His complaint is based entirely on his assertion that the defendants were deliberately indifferent to his medical needs and denied him medical care. Like the plaintiff in *Perrey v. Donahue*, Mr. Shoemaker "has tried to replead his Eighth Amendment deliberate indifference claim citing an inappropriate federal statute." Perrey v. Donahue, Cause No. 3:06-CV-617, 2007 WL 4277621, at * 4 (N.D. Ind. Dec. 3, 2007).

IV. CONCLUSION

Of the two remaining claims asserted against Commander Perry and Sheriff Rogers, only the constitutional claim states a potentially viable legal theory. The court DENIES Commander Perry's and Sheriff Rogers' motion for judgment on the pleadings [Doc. No. 31] as to the § 1983 deliberate indifference claim, and GRANTS it with respect to the Rehabilitation and Americans with Disabilities Acts claim.

SO ORDERED.

ENTERED:    March 19, 2019

                                                /s/ Robert L. Miller, Jr.
                                                Judge, United States District Court