IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY SHOEMAKER, )<br>)<br>    *Plaintiff* )<br>vs. )<br>)<br>SHERIFF BRAD ROGERS, *et al.*, )<br>)<br>    *Defendants* ) | Case No.: 3:18-CV-80 RLM-MGG |

OPINION AND ORDER

Billy Shoemaker sued Correct Care Solutions, LLC, Elkhart County Sheriff Brad Rogers and Commander John Perry alleging that they were deliberately indifferent to his medical condition and denied him medical care in violation of the Fourteenth Amendment Due Process and Equal Protections Clauses, the Rehabilitation and Americans with Disabilities Acts, 29 U.S.C. § 794(a) and 42 U.S.C. § 12132, and the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(d)(2)(A). After Mr. Shoemaker voluntarily dismissed two of the three claims asserted against Correct Care Solutions, Correct Care filed a Rule 12(c) motion to dismiss the remaining § 1983 claim. Mr. Shoemaker hasn't responded to that motion. Consistent with the court's March 19, 2019 opinion and order, the court denies Correct Care's motion.

Fed. R. Civ. P. 12(c) provides that: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A Rule 12(c) motion is designed to provide a means of disposing of

cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings [the complaint, the answers, and any exhibits thereto or matters incorporated by reference therein], and any facts of which the [] court will take judicial notice." 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.); *see also* Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452–53 (7th Cir.1998); Friedman v. Washburn Co., 145 F.2d 715 (7th Cir. 1944), and is governed by the same standard as motions to dismiss under Rule 12(b)(6). Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 619 (7th Cir. 2007); Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). The court must accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff, without engaging in fact-finding. Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); Stakowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005).

These facts are taken from Mr. Shoemaker's complaint and accepted as true for purposes of the defendants' motion.

Mr. Shoemaker suffers from severe mental impairments: bipolar disorder and depression, with suicidal ideations that "substantially limit" the operation of his neurological and brain functions and major life activities, including the ability to think and care for himself. When he was arrested on December 21, 2015 and detained at the Elkhart County Correctional Complex, Mr. Shoemaker notified the

defendants of his medical conditions, the antipsychotic medications he was taking, and the doctors who had prescribed the medication. At some undisclosed point during his incarceration, Mr. Shoemaker also told a Correct Care nurse that he "could become suicidal if he was not provided his antipsychotic medication." (Cmplt. ¶¶ 3, 7-9, and 11). The defendants didn't give Mr. Shoemaker the antipsychotic medication that his doctors had prescribed for several weeks. As a result, his mental condition deteriorated and he became "actively suicidal"; and, on January 22, 2016, he 'd[ove] headfirst to the ground from the second story of his cell block ... fractur[ing] [his] skull, ribs, collar bone, and arm and punctur[ing] his lung causing its collapse." (Cmplt. ¶¶ 10,12-15).

Mr. Shoemaker alleges that Correct Care violated his rights under the Fourteenth Amendment and is liable for his injuries because it:

- contracted with the Elkhart County Sheriff to "provide services to detainees in the Elkhart County Correctional Complex";
- has a "policy, practice, custom, or procedure in place at the jail of not promptly providing psychiatric medication to detainees, discriminating against individuals on the basis of their disabilities, and denying services to those with serious medical needs";
- knew the serious risk of harm [it] placed Mr. Shoemaker in by [denying him his antipsychotic medication for several weeks]"; and

- was deliberately indifferent and "intentionally, willfully, wantonly, and maliciously" harmed him.

(Complaint ¶¶ 6, 12, 17-19).

To prevail on its Rule 12(c) motion, Correct Care must establish that no material issues of fact exist and that it is entitled to judgment as a matter of law. "If the facts are uncontested (or the defendants accept plaintiff's allegations for the sake of argument), it may be possible to decide [the merits of a case] under Rule 12(c);" but "a complaint that invokes a recognized legal theory … and contains plausible allegations on the material issues … cannot be dismissed under Rule 12." Richards v. Mitcheff, 696 F.3d 635, 638 (7th Cir. 2012).

Correct Care contends that plaintiff's bare allegation that a Correct Care policy, practice, or procedure violated his constitutional rights is insufficient to adequately plead a *Monell* claim under 42 U.S.C. § 1983. McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011); Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985). But the complaint asserts more than a bare legal conclusion. Mr. Shoemaker alleges liability based on Correct Care's custom, policy, or practice of failing to promptly provide psychiatric medication and other medical services to detainees generally, and to him specifically, "despite knowing the serious risk of harm [it] placed Mr. Shoemaker in." Mr. Shoemaker doesn't seek to hold Correct Care vicariously liable for the acts of other defendants.

4

Those allegations are disputed, and dismissal under Rule 12(c) "is appropriate only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000) (quoting Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir. 1989)). Assuming the allegations are true, as the court must for purposes of defendant's motion, they state a possible, legally viable claim against Correct Care Solutions under § 1983. *See* Yassan v. J.P. Morgan Chase and Co., 708 F.3d 963, 975-976 (7th Cir. 2013) (discussing difference between Rules 12(b)(6) and 12(c)); Rodriguez v. Plymouth Ambulance Service, 577 F.3d 816, 822 (7th Cir. 2009) (private corporation can be liable if injury is the result of a policy or practice and private entity acted under color of state law).

For the foregoing reasons, the court DENIES Correct Care Solutions' motion for judgment on the pleadings [Doc. No. 44].

SO ORDERED.

ENTERED:   March 27, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court